ANNETTE KINGSLANB ZIEGLER, J.
f 60. (concurring). I concur in the court's conclusion that the court of appeals "failed to apply the clearly erroneous standard of review to the postconviction court's finding of competency and improperly weighed evidence rather than giving deference to the postconviction court's finding." Majority op., f 58. I further agree that that the postconviction court's finding of competency is reviewed under the clearly erroneous standard of review, and that the postconviction court's competency determination is not clearly erroneous. See id.
f 61. However, I would not decide the question of the proper formulation of the clearly erroneous standard in this specific context. As the opinion of the court makes clear, we have stated in prior cases that the *519 applicable formulation of the clearly erroneous standard with respect to competency to proceed pro se and competency to stand trial determinations is whether the circuit court's determination is "totally unsupported by the facts apparent in the record." Id,., ¶ 27-28 (citations omitted). It is less clear, however, that this "particularized" clearly erroneous standard, id., ¶ 26, is applicable in cases involving review of retrospective competency determinations, pursuant to which a postconviction court reviews proceedings held before the trial court.
¶ 62. This question has not been briefed by the parties or argued before this court. Resolution of the question is unnecessary because the circuit court's decision was not clearly erroneous, whether reviewed under the "totally unsupported" formulation set forth in the opinion of the court or reviewed under the formulation set forth in the dissent. The court may well be correct in applying the "totally unsupported" formulation of the clearly erroneous standard to retrospective competency determinations, but this case is not the setting in which to decide that question.
¶ 63. For the foregoing reasons, I respectfully concur.